UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| JOHNNY EDWARD MCMAHON, | Case No. 3:23-cv-00402-MMD-CSD |
|---|---|
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Respondents. | |

I.   **SUMMARY**

Petitioner Johnny Edward McMahon, a *pro se* Nevada prisoner, has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing an application for leave to proceed *in forma pauperis* ("IFP"). Also before the Court is Petitioner's Petition for Writ of Mandamus (ECF No. 1-1) and Motion for Appointment of Counsel (ECF No. 1-2). Following initial review, the Court concludes that the petition is subject to multiple substantial defects and dismisses this action.

II.   **BACKGROUND**

Petitioner indirectly challenges a 2008 judgment of conviction entered by the Eighth Judicial District Court for Clark County.[1] Petitioner was convicted of three counts of sexual assault of a minor under the age of sixteen, three counts of statutory sexual seduction, and one count of open and gross lewdness. The Nevada Supreme Court affirmed the convictions on appeal.

The Nevada courts denied Petitioner's state habeas corpus petition seeking post-conviction relief. This Court later denied federal habeas corpus relief. *See McMahon v.*

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

*Neven*, Case No. 2:14-cv-00076-APG-CHW, ECF No. 73 (denying § 2254 petition on its merits as well as a certificate of appealability). The Ninth Circuit then denied a certificate of appealability. *Id*. at ECF No. 73.

### III.   DISCUSSION

Petitioner improperly filed his petition as one for "Writ of Mandamus." Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. Because Petitioner is in custody under a Nevada judgment of conviction, a 28 U.S.C. § 2254 petition is the only potential avenue of federal relief. *See White v. Lambert*, 370 F.3d 1002, 1005-07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc).

In addition, a federal district court does not have appellate jurisdiction over a state court or state supreme court, whether by direct appeal, writ of mandamus, writ of prohibition, an exercise of supervisory jurisdiction, or otherwise. *See, e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Generally, the *Rooker-Feldman* doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009) (citation omitted).

As noted above, this Court denied federal habeas corpus relief in 2017. *See McMahon v. Neven*, Case No. 2:14-cv-00076-APG-CHW, ECF No. 73. The Antiterrorism and Effective Death Penalty Act generally limits habeas petitioners to one round of federal habeas review. 28 U.S.C. § 2244. Petitioner has already received federal habeas review of his conviction. To receive further collateral review, he must secure permission from the Ninth Circuit to file a second or successive § 2254 habeas petition.[2] *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (under § 2244(b)(3), federal district courts lack

---

[2]The All Writs Act, 28 U.S.C. § 1651, allows the Court to grant extraordinary writs where the Court has jurisdiction. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33-34 (2002). Thus, it does not provide an independent basis for jurisdiction for a petition for a writ of mandamus or prohibition. *See id.*

jurisdiction to entertain a petitioner's successive habeas petition absent permission from the court of appeals to do so).

### IV.  CONCLUSION

It is therefore ordered that the Clerk of Court will file the Petition for Writ of Mandamus (ECF No. 1-1) on the docket.

It is further ordered that the Petition for Writ of Mandamus (ECF No. 1-1) is denied for lack of jurisdiction.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 1st Day of September 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE